Exhibit H

**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: FISHER-PRICE ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>This Document Relates To: ALL CASES |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' AMENDED FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Western District of New York, Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price") (collectively "Defendants"), by their attorneys, Manatt, Phelps & Phillips, LLP, hereby respond to the Amended First Request for the Production of Documents (the "Requests") propounded by Plaintiffs Emily Barton, Linda Black, Luke Cuddy, Rebecca Drover, Samantha Drover-Mundy, Megan Fieker, Karen Flores, Nancy Hanson, Samantha Jacoby, Candice Kimmel, Cassandra Mulvey, Zachary Mundy, Mark Nabong, Joshua Nadel, Daniel Pasternacki, Jessie Poppe, Katharine Shaffer, Josie Willis, and Renee Wray (collectively "Plaintiffs").

**PRELIMINARY STATEMENT**

1.      Discovery is ongoing and Defendants have not yet completed their investigation of the facts relating to this action or its preparation for trial.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Defendants as well as their present analysis of the case.  Nevertheless, documents that may be responsive to the Requests may not yet have been located and reviewed.  Accordingly, Defendants expressly reserve the right to make such additional or different responses as may be appropriate in light of further investigation.  Nothing in these responses shall limit or waive Defendants' right to

provide additional responses or offer additional evidence at the time of any hearing or trial in this action or to provide information not yet obtained by or known to Defendants. Defendants further reserve the right to introduce at trial, or in connection with any proceedings in this action, any and all documents discovered or generated pursuant to subsequent investigation including, without limitation, all documents heretofore or hereafter produced by any of the parties in this action or by any third party.

2. Each of the responses and objections set forth below is based on Defendants' reasonable understanding of the Requests. To the extent that Defendants assert an interpretation of any demand that is inconsistent with the Plaintiffs' understanding, Defendants reserve the right to supplement its objections or responses.

3. In addition, the following responses are made solely for the purpose of the above-captioned action. Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality and admissibility) that would require the exclusion of any statement contained herein if the Requests were asked of, or if any statement contained herein was made by, a witness present and testifying at trial. All such objections are reserved and may be interposed at the time of trial.

4. The following responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions should be found to exist. Moreover, inadvertent production by Defendants of any documents protected by any privilege or immunity does not constitute a waiver of any such privilege or immunity, nor does such production waive any objection, including relevancy, to the admission of any such document into evidence.

5. That any of the Requests have been answered should not be taken as an admission or acceptance of the existence of documents or categories of documents or of any of the facts assumed by such Requests, nor should it be construed as an admission that such information is relevant to the subject matter of this litigation or constitutes admissible evidence.

6. A response to any of the Requests stating that responsive documents will be produced does not constitute a representation or acknowledgment by Defendants that there are

any documents responsive to such Request, or that if responsive documents exist, they are in Defendants' possession, custody, or control.  Rather, a statement that responsive documents will be produced is simply a statement that, if such documents exist and can be located through a diligent search and reasonable inquiry of documents in Defendants' present possession, custody, or control, Defendants will produce them.

7.      All information contained in the production of documents is subject to the terms and conditions of the Case Management Order ("CMO") entered by the Court on September 20, 2019 (Dkt. No. 12), and Stipulated Protective Order entered by the Court in this action on October 21, 2019 (Dkt. No. 18) (the "Protective Order").

8.      Pursuant to the CMO and letter of Defendants' counsel dated October 23, 2019, Defendants will produce documents previously produced to the House of Representatives, as well as Defendants' communications with and documents provided to the Consumer Product Safety Commission regarding the Rock 'n Play Sleeper that are readily accessible to Defendants. (*See* Dkt. No. 12 at § H.)  By producing such documents, Defendants do not waive any objections to any of the Requests below, and expressly reserve all rights to object to Requests, even if the documents provided to Plaintiffs pursuant to Section H of the CMO are responsive to a Request to which Defendants have objected.

## **GENERAL OBJECTIONS**

The following general objections apply to each and every Request, in addition to any objections that are addressed to particular Requests or subparts of particular Requests:

1.      Defendants object to each and every Request as premature to the extent the Request seeks information relating to issues other than class certification.  The CMO provides that "discovery to class certification issues [will] take place prior to discovery on all other issues, including liability issues."  (Dkt. No. 12 at § H.)  Accordingly, unless ordered by the Court, Defendants will not produce at this time any documents on any issue other than class certification.

2.      Defendants object to each and every Request to the extent that the Request purports, through definitions or otherwise, to impose burdens or duties on Defendants that exceed the scope of reasonable and permissible discovery or the requirements of the Federal Rules of Civil Procedure, or that are otherwise inconsistent with the Local Civil Rules of this District.

3.      Defendants object to each and every Request to the extent that the Request seeks Defendants' confidential and/or proprietary information.

4.      Defendants object to each and every Request to the extent that the Request seeks information protected by the privacy interests of third parties.

5.      Defendants object to each and every Request to the extent that the Request seeks any information within the scope of the attorney-client privilege, work-product immunity, the mediation privilege, the right to privacy, the privileges against disclosure and use of confidential settlement communications or other confidential information, proprietary business material, trade secrets, self-evaluative privilege or which is otherwise privileged against or protected from discovery.  The inadvertent disclosure or identification of any such information is not intended to be, and will not constitute, a waiver of such privilege or immunity nor an agreement to produce such privileged or immune information.

6.      Defendants object to each and every Request to the extent that the Request is overly broad, unduly burdensome, oppressive, unreasonably cumulative, duplicative, or abusive.

7.      Defendants object to each and every Request to the extent that the Request calls for documents or information within the knowledge or possession of Plaintiffs or any third parties, or that are in the public domain or otherwise equally available to Plaintiffs.

8.      Defendants object to each and every Request to the extent that the Request is vague, ambiguous, unintelligible, compound, or complex.

9.      Defendants object to each and every Request to the extent that the Request is unlimited as to time, and thus calls for information that is overly broad, unduly burdensome, not

reasonably likely to lead to discovery of admissible evidence, and not relevant to any party's claim or defense or proportional to the needs of the case.

10.    Defendants object to each and every Request to the extent that the Request seeks information that is not relevant to the subject matter of this action, is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, and/or is not relevant to any party's claim or defense nor proportional to the needs of the case.

11.    Defendants object to each and every Request to the extent that it prematurely seeks expert discovery and/or opinions.

12.    Defendants object to each and every Request to the extent that the Request assumes facts not in evidence and/or mischaracterizes or misstates facts and/or defenses appearing in the pleadings and/or prior discovery in this action.

13.    As of the date hereof, Defendants have not fully completed their investigation of the matters involved herein.  Consequently, these responses are based only upon such information and documents presently available, known to, or understood by Defendants, and are also informed by Section H of the CMO, which authorizes discovery of only class certification issues at this stage of the litigation.  Defendants reserve the right, but do not undertake the duty, to supplement, alter or amend these responses as additional information becomes available to them, and if the case proceeds to the merits discovery phase.

## OBJECTIONS TO DEFINITIONS

1.    Defendants object to the definition of "Fisher-Price" on the grounds that this term is defined to include Fisher-Prices' attorneys.  Any request using this term impermissibly seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

2.    Defendants object to the definition of "Mattel" on the grounds that this term is defined to include Mattel's attorneys.  Any request using this term impermissibly seeks

documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

## **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All documents and communications concerning the development and design of Rock 'n Play Sleepers, including, without limitation:

    a.   all design criteria and guidelines relating to Rock 'n Play Sleepers, and any actual or potential changes to such criteria and guidelines;

    b.   documents sufficient to identify any medical professionals or personnel consulted concerning the development and design of Rock 'n Play Sleepers; and

    c.   documents and communications concerning the retention of Gary Deegar of San Antonio, Texas by Fisher-Price and/or Mattel, including documents evidencing his medical qualifications, background, licensing, and disciplinary actions by any regulatory or investigative body or agency.

**RESPONSE TO REQUEST NO. 1:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to

this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined terms "design criteria and guidelines" are vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 2:**

All prototypes of the Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 2:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the undefined term "prototype" is vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is

thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 3:**

Documents sufficient to identify all persons involved in the development, design and engineering of Rock 'n Play Sleepers and any modifications to that design.

**RESPONSE TO REQUEST NO. 3:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined terms "development, design, and engineering" are vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 4:**

All documents and communications concerning safety, reliability and/or functionality testing and/or analysis performed on or relating to Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 4:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined terms "safety, reliability and/or functionality" are vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 5:**

All documents and communications concerning research, guidance or other information regarding infant sleep safety, whether or not such materials specifically reference Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 5:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the undefined terms "research, guidance or other information" and "infant sleep safety" are vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 6:**

All documents and communications received from or provided to any medical, midwifery or childcare professional(s), association(s) or oversight body(ies) in any country concerning Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 6:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request on the grounds that the Request is compound.

Defendants further object to this Request on the grounds that it seeks discovery on issues that do

not relate to class certification, and is thus premature and in violation of the CMO, which

provides that "discovery related to class certification issues [will] take place prior to discovery

on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 7:**

All documents and communications concerning reports of any infant(s) dying in a Rock

'n Play Sleeper, including but not limited to: (a) complaints or reports of such occurrences; and

(b) measures taken or considered by you to address or prevent such occurrences.

**RESPONSE TO REQUEST NO. 7:**

Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the grounds that the Request is compound.  Defendants further object to this

Request on the grounds that the undefined terms "complaints or reports," "measures taken or

considered," and "address" are vague, ambiguous, and unintelligible.  Defendants further object

to this Request on the grounds that it seeks information protected by the privacy interests of third

parties.  Defendants further object to this Request on the grounds that it seeks discovery on

issues that do not relate to class certification, and is thus premature and in violation of the CMO,

which provides that "discovery related to class certification issues [will] take place prior to

discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 8:**

　　　　All documents and communications concerning any infant(s) stopping breathing for any

period in a Rock 'n Play Sleeper, including those relating to: (a) complaints or reports of such

occurrences; and (b) measures taken or considered by you to address or prevent such

occurrences.

**RESPONSE TO REQUEST NO. 8:**

　　　　Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the grounds that the Request is compound.  Defendants further object to this

Request on the grounds that the undefined terms "for any period," "complaints or reports,"

"measures taken or considered," and "address" are vague, ambiguous, and unintelligible.

Defendants further object to this Request on the grounds that it seeks information protected by

the privacy interests of third parties.  Defendants further object to this Request on the grounds

that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 9:**

      All documents and communications concerning any infant(s) developing flat head syndrome (plagiocephaly or brachycephaly) or other cephalic disorders in connection with use of Rock 'n Play Sleepers, including those relating to: (a) complaints or reports of such occurrences; and (b) measures taken or considered by you to address or prevent such occurrences.

**RESPONSE TO REQUEST NO. 9:**

      Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further  object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that the undefined terms "other cephalic disorders," "complaints or reports," "measures taken or considered," and "address" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties.  Defendants further object to this Request on

the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 10:**

All documents and communications concerning any infant(s) developing twisted neck syndrome (torticollis) in connection with use of Rock 'n Play Sleepers, including those relating to: (a) complaints or reports of such occurrences; and (b) measures taken or considered by you to address or prevent such occurrences.

**RESPONSE TO REQUEST NO. 10:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined terms "complaints or reports," "measures taken or considered," and "address" are vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties. Defendants further object to this Request on the grounds that it seeks discovery on

issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 11:**

All documents concerning blog posts or social media posts concerning Rock 'n Play Sleepers by any person(s) with whom Fisher-Price or Mattel had contact or to whom Fisher-Price or Mattel provided any consideration for making such posts.

**RESPONSE TO REQUEST NO. 11:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the undefined terms "social media posts" and "any consideration" are vague, ambiguous, and unintelligible. Defendants further object to this Request to the extent that the Request calls for documents that are in the public domain or are otherwise equally available to Plaintiffs. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants'

social media pages (including Facebook and Twitter), and blog posts, if any, are public and are therefore equally accessible to Plaintiffs by means other than obtaining the documents from Defendants.

**REQUEST NO. 12:**

All documents concerning any injury or medical condition of any kind other than those listed above experienced by an infant reported by anyone as being connection with use of a Rock 'n Play Sleeper.

**RESPONSE TO REQUEST NO. 12:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that the undefined terms "any injury or medical condition of any kind" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 13:**

All documents and communications concerning the decision to use the word "Sleeper" in the name of the Product, either within or outside the United States.

**RESPONSE TO REQUEST NO. 13:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the undefined term "decision" is vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 14:**

All documents and communications concerning any objection or opinion by any department of the government of any country, any regulatory body, any association or group of doctors, midwives, childcare providers, infant or childcare consumer advocates or any other

person or entity, concerning the use of the word "Sleeper" in the Product or the appropriateness

of the Product for overnight or prolonged sleep.

**RESPONSE TO REQUEST NO. 14:**

      Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the grounds that the Request is compound.  Defendants further object to this

Request on the grounds that the undefined terms "or any other person or entity" and

"appropriateness" are vague, ambiguous, and unintelligible.  Defendants further object to this

Request on the grounds that it seeks discovery on issues that do not relate to class certification,

and is thus premature and in violation of the CMO, which provides that "discovery related to

class certification issues [will] take place prior to discovery on all other issues, including liability

issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 15:**

      All documents and communications concerning or providing the basis for the public

statement by Chuck Scothon on April 5, 2019 that the Rock 'n Play Sleeper meets all "applicable

safety standards."

**RESPONSE TO REQUEST NO. 15:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that the undefined terms "providing the basis for" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 16:**

All documents and communications concerning the statement attributed to Fisher-Price in the CPSC Alert dated April 5, 2019 titled *CPSC and Fisher-Price Warn Consumers About Fisher-Price Rock 'N Play Due to Reports of Death When Infants Roll Over in the Product* that "some consumers are still using the product [*i.e.,* Rock 'n Play Sleepers] when infants are capably of rolling and without using the three point harness restraint."

**RESPONSE TO REQUEST NO. 16:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that the undefined term "attributed to" is vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 17:**

All documents and communications concerning "reported incidents in which the product [*i.e.,* Rock 'n Play Sleepers] was used contrary to safety warnings", publicly stated by Chuck Scothon in connection with announcing the Safety Recall on or about April 12, 2019.

**RESPONSE TO REQUEST NO. 17:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the grounds that the undefined terms "in connection with" are vague, ambiguous,

and unintelligible.  Defendants further object to this Request on the grounds that it seeks

discovery on issues that do not relate to class certification, and is thus premature and in violation

of the CMO, which provides that "discovery related to class certification issues [will] take place

prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 18:**

      All documents and communications concerning the packaging, marketing or naming of

Rock 'n Play Sleepers in the United States, Canada, the United Kingdom or Australia, including

but not limited to:

      a.  documents sufficient to identify all persons involved in the design and
          approval of such packaging;

      b.  minutes of meetings concerning the design or approval of such packaging;

      c.  documents and communications concerning language and/or images to be
          used on such packaging, including instructions given to the persons that
          designed such packaging;

      d.  documents evidencing all images and language used on or proposed for any
          box in which a Rock 'n Play Sleeper packaged for sale, including, but not
          limited to, exemplars (or complete images of all sides) of all packages used or

proposed to be used in the United States, Canada, the United Kingdom or Australia; and

e.   documents and communications concerning warnings or cautionary statements to be used on packaging for Rock 'n Play Sleepers in the United States, Canada, the United Kingdom or Australia

f.   communications with bloggers, social media influencers, and other Internet content providers.

**RESPONSE TO REQUEST NO. 18:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request to the extent it is duplicative of Request No. 11.  Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce true and correct copies of actual packaging, advertisements, and product instructions/warnings used or disseminated in the United States for the Rock 'n Play Sleepers that can be located through a diligent search and a reasonable inquiry.  Further, Defendants incorporate their response to Request No. 11.

**REQUEST NO. 19:**

All documents and communications concerning marketing (other than packaging for Rock 'n Play Sleepers) used or proposed for use in the United States, Canada, the United Kingdom or Australia, including but not limited to:

a.   documents sufficient to identify all persons involved in the design and approval of such marketing;

b.   minutes of meetings concerning the design or approval of such marketing;

c.   documents and communications concerning language and/or images to be used in such marketing, including instructions given to the persons that designed such marketing;

d.   documents evidencing all images and language used on or proposed for any marketing for a Rock 'n Play Sleeper;

e.   documents and communications concerning warnings or cautionary statements to be used in marketing Rock 'n Play Sleepers;

f.   all versions of any Mattel or Fisher-Price webpage referencing Rock 'n Play Sleepers;

g.  all versions of language or images that Mattel or Fisher-Price provided to retailers of Rock 'n Play Sleepers for use in connection with sale of those sleepers;

h.  copies of all in-store advertising for Rock 'n Play Sleepers;

i.  communications with bloggers, social media influencers, and other Internet content providers.

## RESPONSE TO REQUEST NO. 19:

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request to the extent it is duplicative of Request Nos. 11 and 18.  Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce true and correct copies of actual advertisements disseminated in the United States for the Rock 'n Play Sleeper that can be located through a diligent search and a reasonable inquiry.   Further, Defendants incorporate their response to Request Nos. 11 and 18.

**REQUEST NO. 20:**

All documents and communications concerning Rock 'n Play Sleepers (or the design, development, marketing, sale or Recall thereof) that were created by, or sent to or from or copied to, any of the following individuals:

   a.  Linda Chapman;

   b.  Members of the Fisher-Price Safety Committee;

   c.  Michael Steinwachs;

   d.  Cathy (Kitty) Pilarz;

   e.  Margo Moulin;

   f.  Kurt Huntsberger;

   g.  Chuck Scothon;

   h.  Joel Taft;

   i.  Bryan Brown;

   j.  Tony DeSimone;

   k.  Ronda Strauss.

**RESPONSE TO REQUEST NO. 20:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 21:**

All advertisements actually run in the United States for the Rock 'n Play Sleepers and documents sufficient to show (a) the medium or media on which each such advertisement ran or was used; (b) the geographic market(s) in which it ran or was used; (c) how often it ran or was used; and (d) the time period during which it ran or was used.

**RESPONSE TO REQUEST NO. 21:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined terms "medium or media" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues relating to the merits of Plaintiffs' claims, and is thus premature.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce non-privileged documents in their possession, custody, or control, if any, that are located following a reasonable search and diligent inquiry and that are responsive to this Request.

**REQUEST NO. 22:**

All buy detail reports, advertising schedule reports, or similar documents reflecting your purchase or use of media space in the United States for the advertisements referenced in Request No. 21 above.

**RESPONSE TO REQUEST NO. 22:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that the

-27-

undefined terms "buy detail reports," "advertising schedule reports," and "media space" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 23:**

All non-final versions of the advertisements referenced in Request No. 21 above.

**RESPONSE TO REQUEST NO. 23:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.   Defendants further object to this Request on the grounds that the undefined term "non-final versions" is vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to

class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 24:**

Documents sufficient to show any rules, guidelines or requirements Defendants provided to persons designing or approving its packaging, packaging inserts, marketing or advertising, relating to Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 24:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the ground that it is vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 25:**

Documents sufficient to show any rules, guidelines or requirements Defendants provided to retailers relating to the advertising, marketing, sale, use, and offering of warranties for the Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 25:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the ground that it is vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce true and correct copies of e-commerce copy for Rock 'n Play Sleeper models sold in the United States and any point-of-purchase display documents provided to retailers by Defendants for display of Rock 'n Play Sleepers, if any, that can be located through a diligent search and a reasonable inquiry.

**REQUEST NO. 26:**

Documents sufficient to show your expenditures for advertising in the United States, marketing of the Rock 'n Play Sleepers, broken out by year and state.

**RESPONSE TO REQUEST NO. 26:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 27:**

Documents sufficient to show your expenditures for package design for Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 27:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary,

and/or trade secret information. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 28:**

All other communications, presentations and other documents concerning Rock 'n Play packaging, marketing or advertising in the United States.

**RESPONSE TO REQUEST NO. 28:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined term "presentations" is vague and ambiguous. Defendants further object to this Request to the extent that it is duplicative of Request Nos. 18-19. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification,

and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 29:**

Documents concerning each iteration of either Defendant's webpages relating to Rock 'n Play Sleepers, including, without limitation, documents sufficient to show the time period during which such iteration was used.

**RESPONSE TO REQUEST NO. 29:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that the undefined term "iteration" is vague and ambiguous. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce true and correct copies of e-commerce and/or informational webpages for the Rock 'n Play Sleepers that can be located through a diligent search and reasonable inquiry.

**REQUEST NO. 30:**

All non-final versions of the web page iterations referenced in Request No. 29 above.

**RESPONSE TO REQUEST NO. 30:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the undefined terms "non-final versions" and "web page iterations" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 31:**

All documents and communications concerning any inserts included or proposed to be included with any Rock 'n Play Sleepers in the United States, Canada, the United Kingdom or Australia, including instructions, guidelines, warnings, or warranties, and all versions used or proposed of such inserts.

**RESPONSE TO REQUEST NO. 31:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that the undefined term "insert" is vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds and to the extent that that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce true and correct copies of warnings, instructions, or warranties included with Rock 'n Play Sleepers sold in the United States that can be located through a diligent search and reasonable inquiry.

**REQUEST NO. 32:**

All warning or advisory labels, and drafts thereof, attached to Rock 'n Play Sleepers themselves in the United States, Canada, the United Kingdom or Australia and all communications about such warnings or advisory labels.

**RESPONSE TO REQUEST NO. 32:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce true and correct copies of warnings or advisory labels attached to Rock 'n Play Sleepers sold in the United States that can be located through a diligent search and reasonable inquiry.

**REQUEST NO. 33:**

All market research concerning Rock 'n Play Sleepers and/or marketing and/or packaging for Rock 'n Play Sleepers, including all documents and communications concerning surveys and/or focus groups.

**RESPONSE TO REQUEST NO. 33:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds and to the extent that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 34:**

All documents concerning or reflecting market research utilized in developing, reviewing, assessing or implementing advertising campaigns or other marketing concerning safety as a Fisher-Price and/or Mattel brand attribute.

**RESPONSE TO REQUEST NO. 34:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary,

and/or trade secret information.  Defendants further  object to this Request on the grounds that

the Request is compound.  Defendants further object to this Request to the extent that it is

duplicative of Request No. 33.  Defendants further object to this Request on the grounds and to

the extent that it seeks discovery on issues that do not relate to class certification, and is thus

premature and in violation of the CMO, which provides that "discovery related to class

certification issues [will] take place prior to discovery on all other issues, including liability

issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 35:**

        All public statements made or sponsored by Defendants concerning Rock 'n Play

Sleepers and all communications concerning the content of those communications.

**RESPONSE TO REQUEST NO. 35:**

        Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the grounds that the Request is compound.  Defendants further object to this

Request on the grounds that the undefined terms "public statements" and "made or sponsored

by" are vague, ambiguous, and render this Request unintelligible.  Defendants further object to

this Request on the grounds that it seeks discovery on issues that do not relate to class

certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 36:**

All communications between you and any of the following concerning Rock 'n Play Sleepers:

    a.   the American Academy of Pediatrics ("AAP") or any section, division, committee or arm thereof;

    b.   government entities of any country, including but not limited to the Consumer Product Safety Commission ("CPSC"), the Australian Competition and Consumer Commission ("ACCC"), the Queensland Government Office of Fair Trading, and Health Canada;

    c.   other governmental organization or subdivision of any country;

    d.   ASTM International;

    e.   other nongovernmental organizations in any country;

    f.   any other regulatory organizations;

    g.   universities and research facilities;

    h.   medical doctors and/or professionals;

    i.   midwives and/or midwifery organizations, including but not limited to the Royal College of Midwives in the United Kingdom;

    j.   childcare professionals;

    k.   consumer organizations;

l.   industry associations; and

m.  health and medical organizations.

**RESPONSE TO REQUEST NO. 36:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 37:**

All documents and communications concerning your compliance with regulatory processes, procedures, guidelines, industry standards, rules, statutes and laws of the United States, Canada, the United Kingdom or Australia, or any subdivision thereof, or any international laws or standards, in the manufacturing, processing, selling, marketing and advertising of infant sleep products.

**RESPONSE TO REQUEST NO. 37:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the ground that it is vague and ambiguous. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 38:**

All documents and communications comparing any aspect of Rock 'n Play Sleepers with any aspect of cribs, bassinets, car seats, travel seats, bouncers, soothers or sleep positioning devices.

**RESPONSE TO REQUEST NO. 38:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the ground that it is vague and ambiguous in its use of the undefined terms

"aspect," "travel seats," "soothers," and "sleep positioning devices."  Defendants further object

to this Request on the grounds that it seeks discovery on issues that do not relate to class

certification, and is thus premature and in violation of the CMO, which provides that "discovery

related to class certification issues [will] take place prior to discovery on all other issues,

including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 39:**

All documents and communications concerning any actual or potential recall or safety

announcement issued or considered by either Defendant for any Rock 'n Play Sleeper ***other than***

the Recall announced on April 12, 2019, including, but not limited to, all documents concerning

decisions not to issue a recall, or to issue a warning about purported proper usage rather than a

recall.

**RESPONSE TO REQUEST NO. 39:**

Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that the undefined terms "actual or potential recall or safety announcement" and "purported proper usage" are vague, ambiguous, and unintelligible.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 40:**

All documents and communications concerning the warning issued by the CPSC and Fisher-Price on April 5, 2019 titled CPSC Alert: CPSC and Fisher-Price Warn Consumers About Fisher-Price Rock 'N Play Due to Reports of Death When Infants Roll Over in the Product.

**RESPONSE TO REQUEST NO. 40:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 41:**

All documents and communications concerning the Safety Recall, including but not limited to:

    a.   documents relating to the investigation of concerns, complaints or reports about Rock 'n Play Sleepers leading up to the Safety Recall;

    b.   documents concerning the decision to issue the Safety Recall;

    c.   all drafts of the Safety Recall Notice;

    d.   all drafts of communications concerning the Recall Terms;

    e.   all communications with the CPSC concerning the Safety Recall;

    f.   all communications with ASTM International concerning the Safety Recall;

    g.   all communications with the AAP concerning the Safety Recall;

    h.   all direct communications, including emails and mailings, to Rock 'n Play owners concerning the Safety Recall;

    i.   all communications with sellers of Rock 'n Play Sleepers concerning the Safety Recall; and

j.   documents sufficient to show the rate of response to the Safety Recall, including the rate of full refunds and the rate at which other forms of compensation were made available.

**RESPONSE TO REQUEST NO. 41:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that the Request is compound.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 42:**

All documents concerning your tracking or review of complaints or reports made on your own or third party websites including complaints made to the CPSC or ASTM International concerning Rock 'n Play Sleeper including any of your policies or practices relating to such monitoring.

**RESPONSE TO REQUEST NO. 42:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the ground that it is vague and ambiguous in its use of the undefined terms "concerning," "tracking," "review," "complaints," and "reports."  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 43:**

Documents sufficient to show your policy for archiving, aggregating, reporting (passing up any chain of authority) or performing statistical analyses with respect to complaints, reports or warranty claims made about the Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 43:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery.  Defendants further object to

this Request on the grounds that the Request is compound.  Defendants further object to this

Request on the grounds that the Request is vague and ambiguous in its use of the undefined

terms "archiving," "aggregating," "reporting (passing up any chain of authority)," "performing

statistical analyses," "complaint," and "reports."  Defendants further object to this Request on the

grounds that it seeks discovery on issues that do not relate to class certification, and is thus

premature and in violation of the CMO, which provides that "discovery related to class

certification issues [will] take place prior to discovery on all other issues, including liability

issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 44:**

All documents and communications concerning any complaints or reports relating to the

safety, suitability or operation of Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 44:**

Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the ground that it is vague and ambiguous. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 45:**

To the extent not produced in response to any Request above, all documents concerning any failure, design flaw, defect, malfunction or problem relating to the safety or operation of Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 45:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is

compound.  Defendants further object to this Request on the ground that it is vague and

ambiguous.  Defendants further object to this Request on the grounds that it seeks discovery on

issues that do not relate to class certification, and is thus premature and in violation of the CMO,

which provides that "discovery related to class certification issues [will] take place prior to

discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 46:**

All documents and communications concerning any litigation, legal, or regulatory

proceedings in any way relating to Rock 'n Play Sleepers including, without limitation,

documents showing the disposition of each such matter or proceeding and, if currently active, (a)

identifying information (e.g., name of matter or proceeding, any assigned number, where it is

pending), (b) pleadings and other filings/communications; (c) transcripts of testimony, and (d) its

current status.

**RESPONSE TO REQUEST NO. 46:**

Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent that the Request calls for documents that

are in the public domain or are otherwise equally available to Plaintiffs.  Defendants further

object to this Request to the extent it seeks documents and/or information protected from

disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the

privileges against disclosure and use of confidential settlement communications, or which is

otherwise privileged against or protected from discovery.  Defendants further object to this

Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 47:**

All documents and communications concerning sales of Rock 'n Play Sleepers, including, without limitation, documents and communications sufficient to identify:

      a.   all retailers that sell Rock 'n Play Sleepers;

      b.   all distributors that distribute Rock 'n Play Sleepers;

      c.   the physical location and address of all places where Rock 'n Play Sleepers were or are sold;

      d.   the dates and time period during which they were sold;

      f.   to whom they were sold (e.g., consumers, retailers, distributors);

      e.   their suggested retail price; and

      f.   the actual prices at which they were sold to, or by, distributors, retailers and consumers and any other type of purchaser, including any coupons or discounts provided and their amount.

**RESPONSE TO REQUEST NO. 47:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request on the grounds that the Request is compound.

Defendants further object to this Request on the ground that it is vague and ambiguous.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce non-privileged documents in their possession, custody, or control, sufficient to identify authorized retailers who sold Rock 'n Play Sleepers in the United States and the suggested retail price for the products that can be located through a diligent search and reasonable inquiry.

**REQUEST NO. 48:**

All public statements made by persons speaking on behalf of Fisher-Price and/or Mattel (including, without limitation, spokespeople, executives, employees, attorneys, representatives or agents) concerning: (a) the safety of Fisher-Price and/or Mattel products generally, (b) the safety of Rock 'n Play Sleepers; (c) Rock 'n Play Sleepers being products appropriate for infant sleep; and (d) other statements concerning Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 48:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent that the Request calls for documents or information that are in the public domain or are otherwise equally available to Plaintiffs. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the ground that the term "public statements" is

vague and ambiguous.  Defendants further object to this Request on the grounds that it seeks

discovery on issues that do not relate to class certification, and is thus premature and in violation

of the CMO, which provides that "discovery related to class certification issues [will] take place

prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 49:**

Documents sufficient to identify the context or medium in which each statement

referenced in the above Request statement appeared, when it appeared, and how widely it was

disseminated.

**RESPONSE TO REQUEST NO. 49:**

Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request on the grounds that the Request is compound.

Defendants further object to this Request on the grounds that the phrases "context or medium"

and "how widely it was disseminated" are vague and ambiguous, and unintelligible.  Defendants

further object to this Request on the grounds that it seeks discovery on issues that do not relate to

class certification, and is thus premature and in violation of the CMO, which provides that

"discovery related to class certification issues [will] take place prior to discovery on all other

issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 50:**

All documents and communications concerning the annual, quarterly and monthly gross revenue received from the sale of Rock 'n Play Sleepers, including sales revenue figures:

    a.  consolidated;

    b.  broken down by retailers, distributors and consumers; and

    c.  broken down by geographic location.

**RESPONSE TO REQUEST NO. 50:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 51:**

All reports from The Nielsen Company, Information Resources, Inc. ("IRI"), or any other sales data aggregator concerning sales of the Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 51:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the undefined term "sales data aggregator" is vague, ambiguous, and unintelligible. Defendants further object to the Request in that it seeks documents and information not within the possession, custody, or control of Defendants.  Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 52:**

All documents from internal or third-party data sources that track the original and/or resale prices of new and used Rock 'n Play Sleepers, lease prices, auction prices or other measures of market evaluation of the Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 52:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to the Request in that it seeks documents and information not within the possession, custody, or control of Defendants.  Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties.

Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 53:**

All documents that contain, reflect, summarize, or discuss the names, mail or email addresses, or other contact information, of any consumers who purchased Rock 'n Play Sleepers at any time.

**RESPONSE TO REQUEST NO. 53:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties.   Defendants further object to this Request on the grounds that it is premature, as no class has yet been certified.

**REQUEST NO. 54:**

All documents and communications concerning the legal relationship between Fisher-Price and/or Mattel and retailers of Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 54:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information.  Defendants further object to this Request on the ground that the term "legal relationship" is vague and ambiguous.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 55:**

All documents concerning any of the named Plaintiffs in any of the actions in this multi-district litigation, including, but not limited to, their purchase of their Rock 'n Play Sleeper.

**RESPONSE TO REQUEST NO. 55:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Specific Objections, Defendants respond as follows: Defendants will produce non-privileged documents in their possession, custody, or control, if any, that are responsive to this Request and that can be located after a diligent search and reasonable inquiry.


**REQUEST NO. 56:**

All documents concerning any lobbying, rulemaking or political efforts by you with respect to the Rock 'n Play Sleeper or any other infant sleep or positioning product.

**RESPONSE TO REQUEST NO. 56:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the ground that it is vague and ambiguous. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is

thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 57:**

All documents concerning membership of current or former executives, employees, or representatives of either Defendant on any the CPSC, ASTM International, the Juvenile Products Manufacturers Association ("JPMC") or any other agency related to regulatory or industry standards for infant and child products.

**RESPONSE TO REQUEST NO. 57:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request on the grounds that the Request is compound. Defendants further object to this Request on the grounds that it seeks information protected by the privacy interests of third parties.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 58:**

All documents and communications between you and CPSC concerning the Product or any other inclined infant sleep products.

**RESPONSE TO REQUEST NO. 58:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 59:**

All documents and communications between you and ASTM International concerning the Product or any other inclined infant sleep products.

**RESPONSE TO REQUEST NO. 59:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 60:**

All documents and communications between you and JPMC concerning the Product or any other inclined infant sleep products.

**RESPONSE TO REQUEST NO. 60:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.  Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery

related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 61:**

All documents and communications between you and any other manufacturer of infant sleep products.

**RESPONSE TO REQUEST NO. 61:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the term "any other manufacturer of infant sleep products" is vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 62:**

All documents produced to the United States House of Representatives Committee on Oversight and Reform and/or the Subcommittee on Economic and Consumer Policy in response to their request dated August 13, 2019.

**RESPONSE TO REQUEST NO. 62:**

Pursuant to the CMO (Dkt. No. 12 at § H), Defendants will produce non-privileged responsive documents in their possession, custody, or control responsive to this Request.

**REQUEST NO. 63:**

All documents concerning the "anonymous whistleblower letter" referenced in Mattel's Form 8-K filed with the U.S. Securities and Exchange Commission on August 8, 2019, including but not limited to non-privileged internal communications.

**RESPONSE TO REQUEST NO. 63:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery.

**REQUEST NO. 64:**

Documents sufficient to delineate the legal relationship between Fisher-Price and Mattel.

**RESPONSE TO REQUEST NO. 64:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the privileges against disclosure and use of confidential settlement communications, or which is otherwise privileged against or protected from discovery. Defendants further object to this Request to the extent it seeks confidential business, proprietary, and/or trade secret information. Defendants further object to this Request on the grounds that the undefined term "delineate" is vague, ambiguous, and unintelligible. Defendants further object to this Request on the grounds that it seeks discovery on issues that do not relate to class certification, and is thus premature and in violation of the CMO, which provides that "discovery related to class certification issues [will] take place prior to discovery on all other issues, including liability issues." (see Dkt. No. 12 at § H.)

**REQUEST NO. 65:**

All documents that Fisher-Price and/or Mattel may use to support any affirmative defense or counterclaim that it intends to raise.

**RESPONSE TO REQUEST NO. 65:**

Defendants object to this Request on the ground that it is overly broad, not properly limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants have not yet completed discovery in this case. Defendants reserve the right to

supplement this response in the future should further information become available. Defendants

further object to this Request to the extent it seeks documents and/or information protected from

disclosure by the attorney-client privilege, work product privilege, the mediation privilege, the

privileges against disclosure and use of confidential settlement communications, or which is

otherwise privileged against or protected from discovery. Defendants further object to this

Request on the grounds that it seeks discovery on issues that do not relate to class certification,

and is thus premature and in violation of the CMO, which provides that "discovery related to

class certification issues [will] take place prior to discovery on all other issues, including liability

issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 66:**

       All insurance policies that may provide coverage to satisfy part or all of a judgment that

may be entered against you.

**RESPONSE TO REQUEST NO. 66:**

       Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery. Defendants further object to

this Request on the grounds that it seeks discovery on issues that do not relate to class

certification, and is thus premature and in violation of the CMO, which provides that "discovery

related to class certification issues [will] take place prior to discovery on all other issues,

including liability issues." (see Dkt. No. 12 at § H.)


**REQUEST NO. 67:**

 All documents and communications concerning your document retention policy,

including all correspondence relating to any litigation hold issued in this or any other case

involving problems with Rock 'n Play Sleepers.

**RESPONSE TO REQUEST NO. 67:**

 Defendants object to this Request on the ground that it is overly broad, not properly

limited as to time or scope, unduly burdensome, and seeks documents and/or information that are

neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents and/or information

protected from disclosure by the attorney-client privilege, work product privilege, the mediation

privilege, the privileges against disclosure and use of confidential settlement communications, or

which is otherwise privileged against or protected from discovery. Defendants further object to

this Request on the grounds that the Request is compound.

Dated: October 23, 2019            **MANATT, PHELPS & PHILLIPS, LLP**

BY: _____

Craig J. de Recat
  Email: *cderecat@manatt.com*
Matthew P. Kanny
  Email: *mkanny@manatt.com*
Adrianne E. Marshack
  Email: *amarshack@manatt.com*
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
(310) 312-4000

**Goldberg Segalla, LLP**
Cheryl A. Possenti
  Email: *cpossenti@goldbergsegalla.com*
65 Main Street
Buffalo, NY 14203
(716) 566-5400

Patrick B. Naylon
  Email: *pnaylon@goldbergsegalla.com*
2 State St., Suite 1200
Rochester, New York 14614
(585) 295-5400

Attorneys for Defendants
FISHER-PRICE, INC., and MATTEL, INC.

## **CERTIFICATE OF SERVICE**

I certify that on October 23, 2019, a true and correct copy of the foregoing document was served via email, pursuant to Fed. R. Civ. P. 5(b) and Section F of the Initial Case Management Order ("CMO") in this matter (Dkt. No. 12), on Plaintiffs' Liaison Counsel, which constitutes service on all other attorneys and parties for whom Plaintiffs' Liaison Counsel is acting, in accordance with Section E.2.a. of the CMO.

**Connors LLP**
Terrence M. Connors, Esq.
Email: *tmc@connorsllp.com*
Katherine G. Howard, Esq.
Email: *kgh@connorsllp.com*
1000 Liberty Building
Buffalo, New York 14202
Telephone: (716) 852-5533

Attorneys for Plaintiffs
*Liaison Counsel*

By: */s/ Adrianne E. Marshack*
Adrianne E. Marshack

325342494

-67-