# Exhibit B

# manatt

Craig J. de Recat
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4319
E-mail: cderecat@manatt.com

December 6, 2019

**VIA EMAIL**

Terrence M. Connors, Esq.
Connors LLP
1000 Liberty Building
424 Main Street
Buffalo, New York 14202

> Re:   *In re: Fisher-Price Rock 'N Play Sleeper, Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 1:19-md-2903 (This Document Relates To: ALL CASES)

Dear Terry:

On behalf of Defendants Fisher-Price, Inc. and Mattel, Inc. (collectively, "Defendants"), we write concerning Plaintiffs' Responses and Objections to Defendants' First Set of Consolidated Requests for the Production of Documents to Plaintiffs (the "Response"), which Plaintiffs served on November 11, 2019. We have reviewed the Response and believe that it is deficient for, at minimum, the reasons set forth below.

As an initial matter, Plaintiffs are refusing to produce any documents whatsoever in response to Request Nos. 8, 11, 15, 18 and 19. However, Plaintiffs' grounds for withholding documents responsive to these particular requests are utterly insufficient. Plaintiffs must therefore produce all non-privileged documents in their possession, custody or control that are responsive to these requests.

More specifically, with respect to Request No. 8, which seeks "[c]opies of all photographs or videos of Your child (and/or your children) in the Product[,]" Plaintiffs claim, *inter alia*, that "[p]roduction of photographs and videos of Plaintiffs' infant children would represent a burden—a deep intrusion into the personal privacy of Plaintiffs and their child(ren), who are not parties to the case—that far outweighs any possible benefit of the proposed discovery." (Response to Request No. 8.) Plaintiffs' assertion is meritless. There can be no question that photographs or videos of Plaintiffs' children in the Rock 'n Play (the "RNP") are relevant to class certification because how Plaintiffs used the RNP, to the extent they used it at all, is a question at the heart of whether it is proper to certify a class in this multi-district litigation ("MDL"). Moreover, Plaintiffs cannot commence litigations arising out of their use of the RNP and then claim that their privacy is being invaded when Defendants seek discovery concerning Plaintiffs' use of the product. Indeed, if Plaintiffs were so concerned about their

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000  Fax: 310.312.4224

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

Terrence M. Connors, Esq.
December 6, 2019
Page 2

privacy, they likely would not have commenced litigation in the first instance. Regardless, even if discovery of photographs or videos of Plaintiffs' children in the product amounted to an intrusion into the personal privacy of Plaintiffs and their children, which it does not, such privacy can be protected by designating the documents "Confidential" pursuant to the Protective Order entered in this MDL.

Insofar as Plaintiffs are refusing to produce any documents in response to Request No. 11, which seeks "[d]ocuments sufficient to show any and all equipment, furniture, devices (including but not limited to cribs, bassinets, cradles or Inclined Sleepers) You or Your agent used for Your child's or and/or your children's sleep from the child's or children's birth to one year of age[,]" each of the grounds on which Plaintiffs object to production are inadequate. (Response to Request No. 11.) *First*, documents responsive to this request are undoubtedly relevant to class certification as they go directly to the question of how Plaintiffs conducted themselves with respect to their children's sleep. *Second*, to the extent Plaintiffs are refusing to produce photographs and videos in response to this request, Plaintiffs' objection fails for the same reason as their objection to Request No. 8 discussed above. *Third*, there is simply no truth to Plaintiffs' assertion that "information sought in this Request may be obtained more efficiently through testimony or interrogatories[,]" particularly given that Defendants are only seeking documents "sufficient" and not all such documents that would otherwise be responsive to this request. (*Id.*) It should not be that difficult for Plaintiffs to locate documents, whether in the form of photographs, invoices, receipts, or otherwise, showing what Plaintiffs used for their children's sleep.

Regarding Request No. 15, which seeks "[a]ny and all documents referenced in Your complaint in this action[,]" the fact that such documents may be "a matter of public record and equally accessible to Defendants as they are to Plaintiffs" is simply not the issue. (Response to Request No. 15.) Rather, the issue is whether Plaintiffs themselves have copies of and/or viewed the documents referenced in the Consolidated Amended Complaint as that goes directly to, among other things, Plaintiffs' knowledge and reliance. For this reason also, there can be no question that these documents are relevant to class certification.

As to Request Nos. 18 and 19, which seek "[d]ocuments sufficient to identify all cases in which You are serving and/or have served as a class representative or in which You are seeking and/or have sought to serve as a class representative" and "[d]ocuments sufficient to identify all cases, other than this case, in which You have been represented by Your attorneys in this action[,]" respectively, Plaintiffs' sole objection is that such requests are "overbroad, unduly burdensome and disproportionate to the needs of the case because the information sought…may be obtained more efficiently by testimony or interrogatory." (Response to Request Nos. 18 and 19.) However, there is nothing even remotely overbroad, unduly burdensome or disproportionate about these requests, unless of course Plaintiffs have served as class

# manatt

Terrence M. Connors, Esq.
December 6, 2019
Page 3

representatives on so many occasions that it is impossible to keep track. And if that is in fact the case, any such burden would be outweighed by the need to know, among other things, whether Plaintiffs are so-called "professional plaintiffs" and whether Plaintiffs are controlled by class counsel, which are questions that go directly to whether Plaintiffs are adequate class representatives.

In addition, the limits Plaintiffs unilaterally seek to impose on the scope of documents to be produced in response to Request Nos. 1, 2, 3, 4 and 12 are similarly unacceptable. For the reasons discussed above, Plaintiffs have no basis to withhold photographs or videos in response to Request No. 3. Moreover, Plaintiffs' purchase, receipt, ownership, use and resale of the RNP are issues that are central to class certification, as well as, for that matter, to the merits of this case. And, it is for Defendants and the Court, not Plaintiffs, to decide whether documents reflecting Plaintiffs' purchase, receipt, ownership, use or resale of the RNP are somehow "cumulative" to the consideration of the issues relevant to class certification. Accordingly, Plaintiffs must produce all non-privileged documents in their possession, custody or control that are responsive to these requests and not simply the limited universe that Plaintiffs believe is "sufficient[]." (Response to Request Nos. 1-4 and 12.)

Finally, it is unclear what Plaintiffs mean when they say, in response to Request No. 16, that "Plaintiffs…will produce such non-privileged communications to the extent they are responsive to other Requests for which Plaintiffs produce documents." (Response to Request No. 16.)

Please let us know when you will be available to meet and confer regarding the issues discussed above. Defendants reserve all rights.

Very truly yours,

*Craig J. de Recat /sjk*

Craig J. de Recat

cc: Demet Basar, Esq. (via email)
Daniel Tepper, Esq. (via email)
Kate McGuire, Esq. (via email)
Katherine Howard, Esq. (via email)