# Exhibit G

```
                                                                        1

 1                      UNITED STATES DISTRICT COURT

 2                      WESTERN DISTRICT OF NEW YORK

 3

 4

 5      - - - - - - - - - - - - - - X
        IN RE: FISHER-PRICE ROCK 'N      19MD2903
 6      PLAY SLEEPER MARKETING SALES
        PRACTICES, AND PRODUCTS          Rochester, New York
 7                                       September 16, 2019
        LIABILITY LITIGATION,    )          10:00 a.m.
 8      - - - - - - - - - - - - - - X
        Initial Conference
 9

10                       TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE GEOFFREY CRAWFORD
11                   UNITED STATES DISTRICT JUDGE

12                       TERRENCE M. CONNORS, ESQ.
                         KATE G. HOWARD, ESQ.
13                       Connors LLP
                         1000 Liberty Building
14                       Buffalo, New York 14202
                         Plaintiff's Liaison Counsel
15
                         DEMET BASAR, ESQ.
16                       DANIEL TEPPER, ESQ.
                         Wolf, Haldenstein, Adler, Freeman & Herz, LLP
17                       270 Madison Avenue
                         New York, New York 10016
18                       Interim Class Counsel

19                       JONATHAN A. SORKOWITZ, ESQ.
                         Pierce, Bainbridge, Beck, Price & Hecht, LLP
20                       277 Park Avenue, 45th Floor
                         New York, New York, 10172
21                       Plaintiff's Executive Committee

22

23

24      COURT REPORTER:  Karen J. Bush, Official Court Reporter
                         (585) 613-4312
25                       100 State Street
                         Rochester, New York 14614
```

in re:   Rock 'n Play Sleeper Marketing Sales Practices, Products Liability

```
 2      say that their product was dangerous and defective.  It would
 3      be -- help me out, Mr. De Recat.  You would agree, for purposes
 4      of class certification, issues related to the dangerousness of
 5      the product are not relevant to the class certification
 6      question?
 7              MR. DE RECAT:  Yes, sir.
 8              THE COURT:  Like that.
 9              MR. DE RECAT:  Yes, yes, that would be saved for
10      merit discovery and litigation.
11              THE COURT:  And that would be saved for merits
12      determination and you're totally free to defend the product on
13      safety grounds or lack of knowledge of the company, of the
14      danger risk, whatever it is down the road and you're not -- he
15      is going to need -- what is fair?  Nothing happens in December.
16      Six months you get everybody deposed?
17              MR. DE RECAT:  Please.
18              THE COURT:  And you're not helpless during that
19      period, either.  You can get whatever discovery that you need
20      that is fairly related to what I think is the limited class
21      certification issue of were these client consumer experiences
22      so different that they can't be linked together in the same
23      class because everybody had a different subjective expectation
24      regarding the safety and use of the product and everybody had a
25      different family routine for when the infant was placed in the
```

in re:  Rock 'n Play Sleeper Marketing Sales Practices, Products Liability
 2      product, questions like that.
 3                  MS. BASAR:  Correct, your Honor.  But, you know, I
 4      just want to have some clarity from your Honor and also Defense
 5      Counsel.  If they stipulate we want to establish everything
 6      that we would need to demonstrate to the court --
 7                  THE COURT:  Right.
 8                  MS. BASAR:  For predominance, and that depends on
 9      different questions, the different claims that we've raised as
10      well.  And we've been focusing on the consumer protection
11      claims.  And for that, we would need, you know, a stipulation
12      or we would need to establish that whatever representations
13      were made, are material.  If Defendants agree, stipulate to
14      that, that, obviously, would, you know, help move the class
15      certification process.
16                  THE COURT:  By representations, you mean
17      advertisements?
18                  MS. BASAR:  Correct.  And if they say it was
19      common across the board, if damages could be calculated on a
20      class-wide basis across the board.  And if they just narrow it,
21      as your Honor has said, to what Plaintiffs knew, how they used
22      the product, that's fine.  But we likely would, you know,
23      unless they stipulate that every single issue that might come
24      up, you know, can be established on a common basis, and it
25      would be predominant, we've met predominance on commonality, et